# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RYAN HUNTER, | : | |
| | : | Civil No. 1:12-CV-2013 |
| Plaintiff | : | |
| | : | |
| v. | : | (Magistrate Judge Carlson) |
| | : | |
| STEVEN PRISBE, et al., | : | |
| | : | |
| Defendants | : | |

## MEMORANDUM OPINION

### I.     Introduction

Now pending before the court is the plaintiff's motion for sanctions against defendants. (Doc. 16.) As grounds for the motion, Hunter argues that defendants, through their counsel, failed to participate in good faith in court-ordered mediation and settlement proceedings in January 2013, thereby causing plaintiff and counsel to incur needless costs and expenses that could have been avoided had defendants produced a principal with cash settlement authority at the mediation conference. Because defendants did not do this, plaintiff argues that time spent preparing for the separate settlement conferences, and participating in one, was wasted unnecessarily. As a remedy, plaintiff asks that the court require defendants to pay a sanction of $1,669.00, or that amount of attorney's fees and costs that were incurred in connection with the unsuccessful settlement conference.

Upon consideration, we do not find that sanctions are warranted at this time.[1] Although sanctions are not appropriate, we strongly urge all parties in the future to endeavor to communicate with greater clarity and candor the parties' positions with respect to court-ordered mandatary mediation, to avoid future misunderstandings.

**II.   Discussion**

It is well-settled that a district court has the inherent power to sanction parties appearing before it for refusing to comply with its orders and to control litigation before it. See, e.g., Tracinda Corp. v. DaimlerChrysler AG, 502 F.3d 212, 242 (3d Cir. 2007); see also Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991) (stating that a court has the inherent authority to impose sanctions when an attorney has acted "in bad faith, vexatiously, wantonly, or for oppressive reasons."). Sanctions decisions rest in the sound discretion of the court and may only be reviewed for abuse of discretion, which will be found only where "the court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." In re Prudential Ins. Co. Am. Sales Practice Litig. Actions, 278 F.3d 175, 181 (3d Cir. 2002) (quoting In re Orthopedic Bone Screw Products Liability Litig., 193 F.3d 781, 795 (3d Cir. 1999)).

---

[1] However, we note that in the event plaintiff is the prevailing party in this lawsuit, counsel may seek to recover the fees and costs incurred in connection with this settlement conference.

In addition to the court's inherent authority, Rule 16(f) of the Federal Rules of Civil Procedure also provides that upon a motion, or on its own motion, a court may issue sanctions if a party or its attorney:

> (A) fails to appear at a scheduling or other pretrial conference;
> (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or
> (C) fails to obey a scheduling or other pretrial order.

Fed. R. Civ. P. 16(f); see also Tracinda Corp., 502 F.3d at 242 (observing that whereas sanctions imposed pursuant to court's inherent authority generally require finding of bad faith, Rule 16(f) contains no such requirement). Indeed,

> Relying on this Rule, [courts] have imposed sanctions based upon an attorney's failure to attend a settlement conference or abide by the order scheduling the conference. See Univ. of Pittsburgh v. Varian Med. Sys., Inc., 07-491, 2008 WL 1774115 (W.D.Pa. Apr.17, 2008) (Schwab, J.) (denying motion for reconsideration of sanctions imposed for failure to participate in settlement conference in good faith); Karhuta v. Boardwalk Regency Corp., 06-4902, 2007 WL 2825722, at *3 (E.D.Pa. Sept.27, 2007) (Perkin, M.J.) (sanctions imposed for failing to participate in settlement conference in good faith); Miller v. Unum Life Ins. Co. of America, 05-177, 2006 WL 30000962, at *1 (E.D.Pa. Oct. 19, 2006) (Hart, M.J.) (sanctions imposed for failure to attend court ordered settlement conference).

Stewart v. Moll, No. 07-1085, 2008 WL 2954737, *3 (E.D.Pa. July 31, 2008).

Thus, in certain instances, Rule 16 authorizes imposition of sanctions where parties fail to comply with scheduling orders setting settlement conferences by failing

to timely and properly file settlement memoranda; <u>Grant v. Omni Health Care Systems of NJ, Inc</u>., No. 08-306, 2009 WL 3151322 (D.N.J. Sept. 24, 2009); by failing to adequately prepare for such conferences, <u>Univ. of Pittsburgh v. Varian Med. Sys., Inc.</u>, 07-491, 2008 WL 1774115 (W.D.Pa. Apr.17, 2008); or where a party's failure to disclose its true settlement posture to the court in a timely fashion leads to the unnecessary scheduling of settlement conferences and proceedings. <u>Karhuta v. Boardwalk Regency Corp.</u>, 06-4902, 2007 WL 2825722 (E.D.Pa. Sept.27, 2007). In such instances courts typically have only sanctioned defendants when the "Defendant did not notify the Court beforehand that a settlement conference at this time would be a futile act, thereby wasting the limited time, financial resources and energies of the Court and Plaintiff [at the settlement conference], " <u>Karahuta v. Boardwalk Regency Corp</u>. 2007 WL 2825722 at *4 (citations omitted) and have held that "Defendants, knowing that they did not possess any additional authority following the initial conference, should have notified the Court before the second conference of their position." <u>Id</u>. at *6. In contrast, where a party's conduct consists of simply adopting a fixed, inflexible position in an initial mediation session, and that fixed position is timely communicated to others, sanctions often are not appropriate since sanctions cannot be used as a vehicle for pressing parties to surrender honestly held

4

convictions on the merits of litigation. See Avance v. Kerr-McGee Chemical, LLC., No. 04-206, 2006 WL 4402359 (W.D. Tex. March 21, 2006).

Yet while this court doubtless has the discretion to order imposition of sanctions in appropriate cases, the exercise of this discretion is guided by certain basic principles. Foremost among these principles is the tenet that sanctions should always be narrowly tailored to meet the misconduct, and should entail no greater punishment than is reasonably necessary to address the specific wrongdoing that confronts the court. See, Klein v. Stahl, GMBH & Co., Maschinefabrik, 185 F.3d 98 (3d. Cir. 1999). This basic, but pivotal, aspect of the exercise of discretion in this area, has been voiced in many ways. Thus, it is well established that, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." Chambers v. NASCO, Inc. 501 U.S. at 44-45 (citation omitted). Therefore, in exercising this authority we are cautioned that:

> [A] district court must ensure that there is an adequate factual predicate for flexing its substantial muscle under its inherent powers, and must also ensure that the sanction is tailored to address the harm identified. In exercising its discretion under its inherent powers, the court should be guided by the same considerations that guide it in the imposition of sanctions under the Federal Rules. First, the court must consider the conduct at issue and explain why the conduct warrants sanction.

Republic of Philippines v. Westinghouse Elec. Corp. 43 F.3d at 74.

Moreover:

> [H]aving evaluated the conduct at issue, the district court must specifically consider the range of permissible sanctions and explain why less severe alternatives to the sanction imposed are inadequate or inappropriate. Although the court need not "exhaust all other sanctioning mechanisms prior to resorting to its inherent power" (Landon v. Hunt, 938 F.2d at 450, 454 (3d Cir.1991)), the court must explain why it has chosen any particular sanction from the range of alternatives it has identified. See Poulis, 747 F.2d at 868 (sanctions under Fed.R.Civ.P. 16 and 37).

Id.

Judged against these standards, in the exercise of our discretion we will deny this motion for sanctions. In reaching this result we note that the mediation directed by the court in this case was part of the district's mandatary mediation program. Thus, this is not an instance in which the defendants affirmatively sought out mediation and then failed to comply with the court's order. Moreover, with respect to this mandatory mediation session, while the parties could have doubtless communicated their respective positions to one another with greater clarity in advance of the mediation and thus avoided the misunderstandings and disappointment that led to this sanctions motion, at bottom the plaintiff invites us to sanction defendants for adopting a fixed, inflexible position in a mediation conference. Although we will instruct counsel in the future to clearly communicate to opposing

6

parties prior to mediation if they have no cash settlement authority, we decline to impose cash sanctions here in the exercise of our discretion. Instead, we find that sanctions are not appropriate here since such sanctions should not be used as a vehicle for pressing parties to surrender honestly held convictions on the merits of litigation. See Avance v. Kerr-McGee Chemical, LLC., No. 04-206, 2006 WL 4402359 (W.D. Tex. March 21, 2006).

### III. Conclusion

Accordingly, for the forgoing reasons, the plaintiff's motion for sanctions (Doc. 16.), is DENIED.

So ordered this 27th day of March 2013.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge